RECEIVED
USDC CLERK, CHARLESTON, SC
2017 FEB 15 PM 4: 12

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Juanita Kellahan, | ) | |
| | ) | Civil Action No. 2:13-3534 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This order addresses the Court's jurisdiction over this matter and follows the recent submission of documents which clearly establish that this claim is subject to the exclusive jurisdiction of the Federal Employees Compensation Act (FECA). Consequently, this Court, acting *sua sponte*, dismisses this action brought under the Federal Tort Claims Act.

**Factual Background**

By earlier order of this Court, this action was stayed to allow the Plaintiff the opportunity to file a claim under FECA, which is the federal government's version of the workers compensation act. (Dkt. No. 14). The United States had earlier moved to dismiss this action for lack of subject-matter jurisdiction, arguing that FECA was Plaintiff's exclusive remedy since she had suffered her injury while on the premises of her federal government employer. (Dkt. No. 5). The Government was operating with the understanding that Plaintiff had not yet filed a FECA claim in this matter. (*Id.* at 5 n.1). Plaintiff opposed the Government's motion to dismiss, arguing that although she was injured on the premises of her employer, she was not operating within the scope of her employment. (Dkt. No. 8 at 2). Consequently, Plaintiff asserted that her

injury was not subject to FECA's exclusive remedy provision.

The Court denied the Government's motion to dismiss on March 6, 2014 and stayed this action, to afford Plaintiff an opportunity to file a claim under FECA. The Court did this out of an abundance of caution to confirm that the Department of Labor would accept FECA jurisdiction over this claim. (Dkt. No. 14 at 3-4). Plaintiff was instructed to file a status report every 90 days to inform the Court of the status of Plaintiff's FECA claim. Plaintiff's first status report was filed on June 3, 2014. The Court was informed that "the Plaintiff has filed a Form CA-7, Claim for Compensation, and the U.S. Department of Labor . . . has acknowledged receipt of the claim. The Plaintiff's claim is currently under review." (Dkt. No. 15). A report filed on February 10, 2015 indicated that the claim has been "denied" and the Plaintiff had requested a hearing. (Dkt. No. 27). Similar reports were filed with the Court in May and August 2015 and in February and August 2016. Plaintiff filed a status report on February 7, 2017 indicating that Plaintiff had not made a timely request for an administrative hearing and for that reason the matter had been administratively closed. (Dkt. No. 33).

After several years of similar reports from Plaintiff's counsel, the Court entered an order on February 7, 2017, directing that the parties file all relevant decisions, applications and communications regarding Plaintiff's FECA claim to determine if the Department of Labor had recognized its jurisdiction over the claim. (Dkt. No. 35). In response to this directive, Plaintiff's counsel filed on February 14, 2017 numerous documents related to Plaintiff's FECA claim. (Dkt. No. 38). These newly filed documents revealed for the first time that Plaintiff had filed a FECA claim <u>before</u> she had initiated her Federal Tort Claim and that the Government had recognized in a decision dated June 13, 2012 that the Plaintiff's injury had "arisen in the course

of employment." (Dkt. No. 38-3).[1] Plaintiff's FECA claim was denied by the Department of Labor because she was unable to demonstrate a casual relationship between the alleged incident of March 8, 2012 and her claim injuries. Plaintiff was advised that she could request an appeal to the Employees' Compensation Appeals Board (ECAB) within 180 days from the denial of her claim. (Dkt. No. 38-17). The newly filed records further revealed that Plaintiff sought reconsideration regarding the denial of her claim on June 22, 2012, and the request for reconsideration was denied on August 8, 2012. The basis of the denial of reconsideration was because of Plaintiff's inability to establish a causal relationship between the work related incident and her claimed injuries. (Dkt. No. 38-5). Plaintiff never filed an appeal with the EACB and the Department of Labor's denial of the FECA claim became final.

Instead of pursuing her FECA claim, Plaintiff administratively filed a Federal Tort Claim on January 25, 2013. The Government denied the claim by letter dated July 9, 2013 on the basis that FECA provided her exclusive remedy for a work related injury. Plaintiff thereafter filed her Federal Tort Claim complaint in federal district court on December 19, 2013. (Dkt. Nos. 38-6, 38-10).

Following the issuance of the stay by this Court, Plaintiff filed a second FECA claim for this same injury. In her application, filed May 13, 2014, she acknowledged to the Department of Labor (but not this Court) that this was not her first administrative claim in this matter. (Dkt. No. 38-13 at 2). The Department of Labor denied this second application for FECA benefits, noting

---

[1] Plaintiff did not submit to the Court a copy of her original FECA application, stating that she cannot locate the document. (Dkt. No. 38-1). The standard form for initiating a FECA claim requires the employee to certify that her injury was "sustained by me while in the performance of my duty to the United States." (Dkt. No. 38-13).

-3-

the earlier filing of the claim, the Government's denial, and Plaintiff's failure to file an appeal to the EACB. (Dkt. No. 38-16).

## Legal Standard

A federal district court is authorized to adjudicate only matters within its jurisdiction. Claims under FECA must be processed administratively by the Department of Labor and are not subject to the jurisdiction of the federal district court. 5 U.S.C. § 8116(c). The Secretary of Labor has the exclusive authority to determine whether FECA applies to a federal employee's injuries. 5 U.S.C. § 8145. Where FECA jurisdiction is present, the district court is mandated to dismiss the action. *Somma v. United States*, 283 F. 2d 149, 151 (3d Cir. 1960).

## Discussion

The record before this Court clearly establishes that Plaintiff filed a FECA claim with the Department of Labor prior to asserting her Federal Tort Claim. The Secretary of Labor accepted jurisdiction over the claim, determining that the injury had "arisen in the course of employment." (Dkt. No. 38-3 at 3). The Secretary denied the claim on the merits, finding that Plaintiff had failed to establish a causal relationship between the work related incident of March 8, 2012 and her claimed injuries. (*Id.*). Plaintiff further pursued the FECA claim through a request for reconsideration, which was also denied on the merits of the claim. (38-5). Since the Secretary of Labor, on the application of Plaintiff, recognized the jurisdiction of the claim under FECA, this Court is without jurisdiction over this matter and must dismiss this action.

The Court further finds it necessary to address the lack of candor of Plaintiff's counsel in handling this matter. The United States was operating under the impression that Plaintiff had not filed a FECA claim, as indicated in its initial motion to dismiss. (Dkt. No. 5 at 5 n.1). The

Court's decision to stay the action, rather than dismiss it, was for the purpose of confirming that the Secretary of Labor would accept jurisdiction of the claim under FECA. Plaintiff's counsel elected not reveal to this Court the existence of the prior FECA filing or the decisions of the Department of Labor denying the claim and the request for reconsideration. Instead, Plaintiff's counsel argued this matter was not subject to FECA jurisdiction. (Dkt. No. 8 at 2). The status report of June 3, 2014 was also highly misleading by indicating that a FECA claim had only recently been filed and was "currently under review." (Dkt. No. 15). Had Plaintiff's counsel candidly disclosed the Plaintiff's prior FECA filing and acceptance by the Secretary of Labor of FECA jurisdiction, this action would have been dismissed on the Government's motion to dismiss.

## Conclusion

Since Plaintiff's injury asserted here has been determined by the Secretary of Labor to fall within FECA jurisdiction, the Court orders and directs that this action be dismissed because the district court has no jurisdiction over this matter.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 15, 2017
Charleston, South Carolina